UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| Allen J. Farmer,<br><br>        Plaintiff,<br><br>v.<br><br>Gary Lanigan, et al.,<br><br>        Defendants. | Civil Action No.<br><br>2:12-cv-5716 (SDW)(SCM)<br><br>**OPINION AND ORDER ON PLAINTIFF'S APPLICATION FOR APPOINTMENT OF PRO BONO COUNSEL [D.E. 134]** |

STEVEN C. MANNION, United States Magistrate Judge

## I.   INTRODUCTION

This matter comes before the Court on plaintiff Allen J. Farmer's ("Plaintiff") Application for Appointment of *Pro Bono* Counsel. (ECF Docket Entry No. ("D.E.") 134). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. Upon consideration of the parties' submissions and for the reasons stated below, Plaintiff's application is **GRANTED.**

## II.   BACKGROUND AND PROCEDURAL HISTORY

This concerns alleged constitutional violations pursuant to 42 U.S.C. § 1983. (D.E. 1, Compl.). Plaintiff alleges he was impermissibly transferred from Union County Department of Corrections to New Jersey State Prison. *Id.*  Plaintiff also alleges he suffered physical injuries, retaliation, and inadequate medical care in response to his filing of two separate suits against the Union County Jail and its personnel. *Id.*

1

On November 14, 2012, the Honorable Susan D. Wigenton, U.S.D.J. granted Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and permitting Plaintiff to apply for the appointment of *pro bono* counsel. (D.E. 3, 4). On June 25, 2013, Plaintiff made his first application for *pro bono* counsel. (D.E. 30). On July 12, 2013, the Honorable Madeline C. Arleo, U.S.M.J. denied Plaintiff's application. (D.E. 32).

On February 11, 2015, Plaintiff filed the instant application for *pro bono* counsel. (D.E. 134). On March 11, 2015, the Union County Defendants opposed Plaintiff's application. (D.E. 141). On March 26, 2015, the Rutgers Defendants, Ahsan and Gallagher also opposed Plaintiff's application. (D.E. 145). On May 8, 2015, Plaintiff filed a letter brief in further support of his application. (D.E. 156).

### III. LEGAL STANDARD

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. *Montgomery*, 294 F.3d at 498.

The Third Circuit has established factors which the courts may consider in determining whether appointment of counsel is appropriate. *See Johnson v. Stempler*, 373 F. App'x 151, 154 (3d Cir. 2010). Under this framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and

2

law." *Id.* If the applicant's claim has some merit, the Court then considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> *Parham*, 126 F.3d at 457-58.

This is a non-exhaustive list, intended to aid the Court in determining whether it is appropriate to appoint counsel. *Carson v. Mulvihill*, 488 F. App'x 554, 558 (3d Cir. 2012). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 158. Importantly, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

**IV.  DISCUSSION**

Plaintiff argues that while his case has substantial merit, he is unable to represent himself because he has no formal training in the law and has only completed the tenth grade, which disadvantages him in proceeding in this "complicated" civil matter. (D.E. 134 at 5).  Plaintiff further asserts his incarceration and administrative segregation status severely limit his ability to litigate this matter because he does not

3

have direct access to the prison law library, and can only access library materials through the prison paralegals. *Id.* at 6. Plaintiff also argues that his incarceration and lack of legal competence inhibits him from preparing proper medical interrogatories, which would also necessitate the retention of medical experts. *Id.* at 8-9. As an inmate, Plaintiff asserts it is not possible to retain an expert that is necessary to adequately litigate his claims. *Id.* Lastly, Plaintiff contends that due to the permanent injuries sustained as a result of Defendants' conduct that resulted in ongoing physical pain, and medication that impairs his cognitive abilities, Plaintiff "cannot concentrate on matters for very long." *Id.* at 9-10.

The Union County Defendants oppose Plaintiff's application for *pro bono* counsel. (D.E. 141). The Union County Defendants assert that discovery in this matter has ended and Plaintiff's application is "inappropriate at this stage of the litigation." *Id.* The Rutgers Defendants also oppose Plaintiff's application on the basis that discovery has ended because of the late stage of the litigation. (D.E. 145). The Rutgers Defendants also request that should Plaintiff's application be granted, discovery should not be re-opened. *Id.*

In analyzing this case pursuant to the Tabron factors, the Court finds appointment of *pro bono* counsel is appropriate at this time. Judge Wigenton and Judge Arleo have previously determined that Plaintiff's claims have "arguable merit," and the Court accepts the previous determinations. The Court concludes that there is little doubt in Plaintiff's ability to present his case as demonstrated by Plaintiff's numerous applications to the Court, discovery requests propounded on Defendants, and his handling of status conferences.

Further, though the legal issues in this matter are not particularly complex, the inadequate medical treatment claims

4

will require an expert witness, and are essentially dispositive in appointing *pro bono* counsel. In matters where Plaintiff is likely to need an expert witness in medical malpractice claims, Courts have routinely appointed *pro bono* counsel.  *See Parham*, 126 F.3d at 460 (finding the need for expert witnesses to "weigh[] heavily in favor of appointment of counsel"); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987)(finding that expert medical opinion is required for a jury to determine the seriousness of a plaintiff's injuries, if the injuries are not readily apparent as serious, such as gunshot wound); *Ramirez v. Nugent*, 2014 WL 7404048, 2014 U.S. Dist. LEXIS 178041 (D.N.J. December 30, 2014)(stating the district court appointed the plaintiff pro bono counsel where the plaintiff alleged medical malpractice claims); *Thomas v. Adams*, 55 F.Supp.3d 552, 2014 U.S. Dist. LEXIS 149050, *12 (D.N.J. October 20, 2014)(stating the court appointed pro bono counsel where the plaintiff's claims were based on reduction, change and/or elimination of his mental therapy); *Arrington v. Middlesex Cnty. Jail*, 2014 WL 511782, 2014 U.S. Dist. LEXIS 127230, *4 (D.N.J. September 11, 2014)(stating the court granted the plaintiff's application for pro bono counsel where the plaintiff pled medical malpractice claims).

Here, Plaintiff will likely need expert medical opinion and based on the abundance of the cases in this district, the Court finds it appropriate to grant *pro bono* counsel in this instance.

Defendants' concern that discovery was to close on March 6, 2015, per January Scheduling Order, (D.E. 127 at ¶ 4) is noted. The Court will hold a status conference after pro bono counsel is appointed to discuss an appropriate discovery extension.

**V.   CONCLUSION**

In sum, the Court finds, as did the court in *Parham*, that cases involving claims of medical malpractice or inadequate medical care require expert medical witnesses and the appointment of *pro bono* counsel, thus significantly minimizing the weight of the other *Tabron* factors.  Since this factor weighs so heavily in favor of the appointment of counsel in this case, the Court will appoint *pro bono* counsel to represent Plaintiff in this matter.

For the foregoing reasons, and good cause shown,

IT IS on this DD day of Thursday, May 28, 2015,

1. **ORDERED** that Plaintiff's application for appointment of *pro bono* counsel; and it is further

2. **ORDERED** that after entry of *pro bono* counsel's appearance on the docket, counsel shall contact the undersigned to schedule a telephone status conference; and it is further

3. **ORDERED** that the Clerk of the Court shall forward a copy of this Order to Plaintiff.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/28/2015 2:42:35 PM

6

```
Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
      File
```