**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

October 2, 2015

**LETTER OPINION**

Re:   D.E. 159, 162 Plaintiff's Application for Sanctions and to Compel
      **Farmer v. Lanigan**
      **Civil Action No. 12-cv-5716 (SDW)(SCM)**

Dear Litigants:

This matter comes before the Court upon review of Plaintiff' Allen Farmer's motion filed on May 28, 2015 to impose Rule 37 discovery sanctions and motion to compel. (ECF Docket Entry Nos. ("D.E.") 159, 162). Plaintiff seeks "sanctions against attorneys Robert Pruess and Margaret R. Flood for violating discovery obligations…." (D.E. 159-2 at 1 of 5). The Court has reviewed the papers in support and those in opposition to the sanctions motion and for the reasons set forth herein, the motion is **denied**. The motion to compel is **denied without prejudice** for the reasons set forth herein.

I.   § 636, MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion. L.Civ.R. 72.1(a)(1). This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis. Motions for discovery related sanctions are non-dispositive pre-trial matters for the magistrate judge. See *McCann v. Kennedy Univ. Hosp., Inc.*, 596 Fed.Appx. 140 (3rd Cir. 2014)(motions for R37 sanctions are non-dispositive pre-trial matters).

II.   DISCUSSION

"[D]istrict courts have broad authority to preserve and protect their essential functions." *Republic of Philippines v. Westinghous Electric Corp.*, 43 F.3d 65, 73 (3d Cir. 1994). The Federal Rules of Civil Procedure provide several tools that allow district courts to sanction parties or attorneys "who fail to meet minimum standards of conduct in many different contexts." Id. The District's Local Civil Rules provide additional tools "in furtherance of its inherent power and responsibility to supervise the conduct of attorneys who are admitted to practice before it…." L.Civ.R. 104.1. Congress has vested

district courts with even more powers to police misconduct. Id. Still, "a district court has inherent authority to impose sanctions upon those who would abuse judicial process." Id. (citation omitted).

  A. Inherent Authority

The Supreme Court has explained that a court's inherent powers "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. at 2132 (1991)(quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). The purpose of sanctions is to enable a court to control its proceedings, the parties, and counsel, without resorting to the more drastic contempt sanction, and permits it to sanction an "obstinate" party by shifting to it the fees that were incurred because of its disruptive tactics. Id. at 46. When exercising these inherent powers, a court should be guided by the same considerations used in the imposition of sanctions under the Federal Rules. Id. For example, bad faith conduct is required for shifting counsel fees under the Federal Rules, and thus is an appropriate standard for shifting fees under inherent authority. *Republic of Philippines*, 43 F.3d at 74 n.11. A finding of "bad faith conduct" is, however, not a prerequisite for the exercise of inherent authority when fee-shifting is not the sanction imposed. Id. Thus, lesser sanctions may be imposed without a showing of bad faith.

  B. Rule 37 Sanctions

Plaintiff's motion papers are very faint and difficult to read, but from the papers in support and the opposition, appear to assert that defendants failed to produce a copy of a prison policy concerning the classification of inmates, and that counsel submitted a letter to the Court from a person wrongfully identified by the defense as plaintiff in support of a prior motion. (D.E. 159, 160, 161). State defense counsel has identified the requested document as the "Internal Management Procedure ADM.014.ESTC.01, whose title is the Enhanced Security Transport Inmate Designation Committee." Rutgers defense counsel has further explained her mistake that was disclosed to the Court in conference on May 19, 2015.

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions in a variety of circumstances. A prerequisite is that the movant certify their efforts to confer or attempt to confer in good faith to resolve the issue without court action. Fed.R.Civ.P. 37(a)(1). Local Civil Rule 37.1(a) further prescribes that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. Cases involving *pro se* litigants, however, such as this, are not subject to Local Civil Rule 37.1(a)(1) unless the court so directs. L.Civ.R. 37.1(a)(2). The initial scheduling order entered in this case did not direct the parties to confer prior to filing discovery disputes. See (D.E. 41). Neither did the subsequent amended scheduling orders. (D.E. 108, 127). Therefore, that defense is not available to oppose this application.

Nonetheless, with regard to the production of "Internal Management Procedure ADM.014.ESTC.01, the defense has at this stage raised a potentially *bona fide* objection. The merits of the objection may have to be conferred between counsel now that Plaintiff is no longer *pro se*.[1] The

---

1 The party claiming "confidential" or privilege in objection to producing discovery bears the burden of establishing

motion as to that item is denied as is the motion to compel for the same reasons.

Likewise, defense counsel has adequately addressed the issue of mistaken identity with regard to the letter from the other Mr. Farmer to the extent sanctions are not warranted.

**IT IS** on this Friday, October 02, 2015 ordered as follows:

1. Plaintiff's motion for sanctions (D.E. 159) against Robert P. Preuss, Esq. is **denied**; and it is further ordered that

2. Plaintiff's motion for sanctions (D.E. 159) against Margaret M. Raymond-Flood, Esq. is **denied**; and it is further ordered that

3. Plaintiff's motion to compel (D.E. 162) is **denied** and subject to further conference between counsel.

**SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/2/2015 10:27:37 AM

c (via ECF):

All Counsel

---

same under applicable law.

3