UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ALLEN J. FARMER,<br><br>        Plaintiff,<br>v.<br><br>GARY M. LANIGAN, et al.,<br>        Defendants. | Civil Action No.<br><br>2:12-CV-5716-SCM<br><br>**OPINION ON RECONSIDERATION**<br><br>**[D.E. 302]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Allen J. Farmer's ("Mr. Farmer") informal motion complaining about the Court's order denying his motion to enforce the terms of his settlement with the State Defendants.[1] The Court will treat the request as a motion for reconsideration. Mr. Farmer's underlying complaint concerned civil rights claims arising from his incarceration in 2011.[2] He settled those claims with the State Defendants in 2018 for $15,000, and then moved before this Court to invalidate the $13,000 in offsets the State deducted from the amount paid to him.[3] The Court denied Mr. Farmer's motion "without prejudice to his timely filing a state court action challenging the amounts deducted from the settlement proceeds."[4] The Court has reviewed

---

[1] (ECF Docket Entry No. ("D.E.") 302, Mot. for Recons.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See Farmer v. Lanigan*, No. 2:12-CV-5716-SDW-SCM, 2015 WL 3448081 (D.N.J. May 28, 2015).

[3] (D.E. 294, Mot. to Enforce Payment Terms of Settlement Agreement).

[4] (D.E. 301, Order).

the submission of Mr. Farmer in support of his motion.[5] For the reasons set forth herein, the motion for reconsideration is **DENIED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY[6]

On September 3, 2012, Mr. Farmer filed the instant case *pro se*.[7] Mr. Farmer attempted suicide in August 2011 while in custody of the Union County Department of Corrections.[8] Mr. Farmer alleged he was subsequently impermissibly transferred from Union County Jail to New Jersey State Prison in retaliation for his initiation of civil lawsuits against Union County Jail and its officials.[9] Following his transfer to New Jersey State Prison, Mr. Farmer alleged punitive conditions including harassment, intimidation, and threats of physical violence.[10] Mr. Farmer was then assaulted and severely injured by a fellow inmate.[11] He alleged that his injuries resulted from the State Defendants' retaliatory conspiracy,[12] and that he was subsequently denied adequate medical treatment despite repeated requests.[13]

---

[5] (D.E. 302, Mot. for Recons.).

[6] The allegations set forth within the pleadings and motion record are relied upon for purposes of this informal motion only. The Court has made no findings as to the veracity of the parties' allegations.

[7] (D.E. 1, Compl.).

[8] (D.E. 74, Am. Compl., at ¶ 27)

[9] *Id.* at ¶ 30.

[10] *Id.* at ¶ 29.

[11] *Id.* at ¶¶ 34–36.

[12] *Id.* at ¶ 29.

[13] *Id.* at ¶¶ 45–47.

On March 14, 2014, Mr. Farmer filed an amended complaint, alleging retaliation and inadequate medical care by the Union County Jail Defendants.[14] Mr. Farmer also brought claims against New Jersey State Prison Defendants and their medical staff for violation of his due process rights, conspiracy, failure to protect, retaliation, excessive force, and inadequate medical care.[15]

On May 28, 2015, the Court granted Mr. Farmer's application for *pro bono* counsel[16] and on July 21, 2015, notified Mr. Farmer that Ian Scott Marx ("Mr. Marx") and the law firm of Greenberg Traurig, LLP had been appointed as counsel.[17] Although the Court found Mr. Farmer able to litigate his own case,[18] the Court granted *pro bono* counsel specifically because Mr. Farmer's "inadequate medical treatment claims [would] require an expert witness, and [these claims] are essentially dispositive in appointing *pro bono* counsel."[19]

On August 1, 2016, Judge Wigenton dismissed Mr. Farmer's retaliation claim.[20] His due process and other official capacity claims were dismissed on motion on May 2, 2017.[21]

On November 20, 2018, the parties settled the remaining claims for $15,000.[22]

---

[14] *Id.* at ¶¶ 60–61.

[15] *Id.* at ¶¶ 60–63.

[16] (D.E. 158, Op. and Order on Pl.'s Appl. for Appointment of Pro Bono Counsel).

[17] (D.E. 163).

[18] (D.E. 158, Op. and Order on Pl.'s Appl. for Appointment of Pro Bono Counsel, at 4).

[19] *Id.* at 4–5.

[20] (D.E. 204, Order).

[21] (D.E. 237, Order).

[22] (D.E. 284, Order; D.E. 286, Req. for Conference, at 1).

On July 30, 2020, Mr. Farmer filed a Motion to Enforce Payment Terms of Settlement Agreement as to payment of settlement amounts by State Defendants.[23] In that Motion, he alleged the State Defendants impermissibly garnished $13,000 of the $15,000 agreed payment for debts Mr. Farmer owed the State of New Jersey–particularly, debts to the New Jersey Office of the Public Defender totaling $4,468.36 and to the New Jersey Department of Corrections totaling $9,726.83.[24]

In their opposition, the State Defendants relied on Paragraph 11 to their settlement agreement ("Paragraph 11"), which states a debt or lien owed to the State "shall be deducted from the payment prior to its disbursement . . . ."[25] But Mr. Farmer alleged he executed a Certificate of Obligation and Receipt from State Defendants ("Payment Plan"), agreeing to repay his debts through $25.00 monthly payments; and "underst[ood] that whatever he owed to the State was encompassed in his own Payment Plan that had previously been entered into and not covered by the paragraph contained in the non-negotiable terms of the State's Settlement Agreement."[26]

---

[23] (D.E. 294, Mot. to Enforce Payment Terms of Settlement Agreement).

[24] *Id.* The court notes that $4,468.36 + $9,726.83 = $14,195.19 in apparent garnishments. Nevertheless, evidence presented shows that a check for $2,000.00 referenced as "FARMER SETTLEMENT" from New Jersey's Department of Treasury was made out to Mr. Farmer and his counsel. (*See* D.E. 294-2, Mot. to Enforce Payment Terms of Settlement Agreement, Exhibit A). Hence, Mr. Farmer's contention that $13,000.00 of the agreed to $15,000.00 was impermissibly garnished.

[25] (D.E. 298, Defs.' Opp'n, at 7).

[26] (D.E. 294, Mot. to Enforce Payment Terms of Settlement Agreement, at ¶ 13).

After the Court denied Mr. Farmer's Motion to Enforce Payment Terms of Settlement Agreement without prejudice,[27] he filed the instant informal Motion for Reconsideration.[28] The State Defendants have not responded.

## II. LEGAL STANDARD

A district court has the inherent authority to reconsider its own interlocutory orders.[29] This District governs motions for reconsideration by Local Rule 7.1.[30] Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."[31] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[32] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[33]

---

[27] (D.E. 301, Order).

[28] (D.E. 302, Mot. for Recons.); (D.E. 303, Supp. Br. in Supp. of Mot. for Recons.).

[29] *State v. National Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d. Cir. 2016).

[30] L. Civ. R. 7.1(i).

[31] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting L. Civ. R. 7.1(i)).

[32] *School Specialty, Inc. v. Ferrentino*, No. 14-4507 (RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

[33] *Gunter v. Township of Lumberton*, No. Civ. 07-4839 (NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

The scope of reconsideration under Rule 59(e) would similarly be "extremely limited."[34] It is not an opportunity "for a second bite at the apple."[35] Such motions are intended only "to correct manifest errors of law or fact or to present newly discovered evidence."[36] Stated otherwise, to prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[37]

### III. DISCUSSION AND ANALYSIS

Mr. Farmer complains that he missed oral argument on September 29, 2020 because he elected to file a police report at the scheduled time for argument.[38] The Court nonetheless reviewed the motion papers submitted by his Court appointed *pro bono* counsel as well as his *pro se* supplemental papers and heard from his counsel at oral argument before rendering its decision.[39] The Court has now also reviewed Mr. Farmer's Motion for Reconsideration and accompanying *pro se* supplemental papers in which he complains about alleged government surveillance misconduct that has no bearing on the issues that were before the Court in this case.[40]

---

[34] *Blystone v. Horn*, 664 F. 3d 397, 415 (3d Cir. 2011).

[35] *Toshio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998).

[36] *Blystone*, 664 F. 3d at 415.

[37] *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

[38] (D.E. 302-2, Farmer Decl. ¶¶ 7, 9).

[39] *Id*.

[40] (D.E. 302-2, Farmer Decl. ¶ 8; D.E. 303, Farmer Letter; D.E. 304, Farmer Letter).

First, Mr. Farmer does not claim there was an intervening change in the controlling law. Second, Mr. Farmer offers no new evidence that he suggests was not previously available to him prior to the Court rendering its decision. Instead, Mr. Farmer rehashes prior arguments, explains his supposed reasons for missing oral argument while averring that "had [the Court] allowed him to partake in oral argument when he joined the call … the Court may have been persuaded to rule differently on the motion."[41] Nevertheless, Rule 59(e) motions do not serve as a backdoor to "securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"[42] Finally, Mr. Farmer does not contend that the Court made a clear error of law or fact, nor does he suggest that manifest injustice would result if the Court did not reconsider its ruling.[43] That is because Mr. Farmer may seek to file a breach of contract action in state court to dispute the deductions made from the settlement amount. This Court declines to exercise jurisdiction over that issue.

## IV.   CONCLUSION

This Court finds that Mr. Farmer has failed to articulate a legitimate basis for reconsideration. Specifically, he has not established: (1) there has been an intervening change in the controlling law; (2) relevant evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Mr. Farmer's motion for reconsideration is therefore **DENIED** with prejudice.

---

[41] (D.E. 302-1, Letter Br. at pg. 2).

[42] *Auerbach v. Kantor-Curley Pediatric Assocs., P.C.*, No. CIV.A.01-CV-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004) (quoting *Sequa Corp. v. Gbj Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

[43] *See Max's Seafood Café*, 176 F.3d at 677.

An appropriate Order shall follow.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/4/2020 8:15:39 PM

Original: Clerk of the Court
cc: All parties
    File

8